## IN THE UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ERIC J. POWELEIT
nka Jamie Poweleit )
18 Miami View Drive )
Loveland, Ohio 45140, )      CASE NO.
 )
           Plaintiff, )      JUDGE
 )
   vs. )
 )
 )      **COMPLAINT**
LOUIS DEJOY, )
POSTMASTER GENERAL )      **Jury Demand Endorsed**
United States Postal Service )
475 L'Enfant Plaza SW )
Washington, D.C. 20260 )
 )
          Defendant. )

Plaintiff Eric J. Poweleit, now known as Jamie Poweleit[1] ("Poweleit"), by and through her undersigned counsel, for her Complaint, states as follows:

1. This action arises pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-*et seq.* ("Title VII"), as specifically permitted by 42 U.S.C. § 2000e-16(c)

2. This Court's jurisdiction arises under 28 U.S.C. § 1331.

3. Venue is appropriate in this Court under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices complained of occurred in Loveland, Ohio, which is located in the Southern District of Ohio.

---

[1] Plaintiff is a transgender woman who goes by Jamie and uses feminine pronouns.

## PARTIES

4.   Plaintiff Poweleit is a transgender female residing in Loveland, Ohio, and a United States Citizen.

5.   At all times relevant, Poweleit was employed by the United States Postal Service ("USPS") as a rural carrier operating out of the Loveland, Ohio, post office. At all times relevant, Poweleit was an employee of a federal agency, as defined by Title VII. 42 U.S.C. § 2000e-16(a).

6.   Defendant Louis DeJoy is sued in his official capacity as Postmaster General of the United States Postal Service and is amenable to suit as such. 42 U.S.C. § 2000e-16(c).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.   Prior to filing this action, Poweleit made timely reports of discrimination based upon sex to a USPS Equal Employment Opportunity ("EEO") Counselor on February 17, 2021, and April 21, 2021.

8.   Poweleit timely filed her formal complaint of discrimination effective May 14, 2021.

9.   USPS completed its investigation and processing of Poweleit's complaint on July 30, 2021. Poweleit thereafter filed a timely request for a hearing before the Equal Employment Opportunity Commission on August 26, 2021.

10.   Poweleit's administrative case has been pending before the EEOC for more than 180 days as of the filing of this action. Therefore, Poweleit, as a federal employee, has met all conditions precedent to filing this Complaint.

11.   Poweleit's retaliation claim is properly before this Court because it is based on her termination, which arose out of and occurred after she filed her administrative complaints.

## FACTUAL ALLEGATIONS

12.   Plaintiff incorporates by reference each of the preceding paragraphs, as if fully

2

restated herein.

13.  Poweleit began working at the Loveland post office in 2006.

14.  From the time of her hire until early in 2020, Poweleit outwardly identified as male, used male pronouns, and was known by her legal name, Eric. She never had any disciplinary issues when she outwardly identified as male.

15.  Beginning in early 2020 and continuing throughout the year, Poweleit began to gradually express her authentic identity as a transgender woman. She began to wear feminine clothing and hairstyles, asked co-workers and management to address her as Jamie, used female pronouns, and eventually began to use the women's restroom.

16. Certain managers and co-workers continued to consistently and repeatedly refer to Poweleit using male pronouns he and him, and as "Eric." Poweleit corrected her co-workers and managers but as the misgendering continued over time it became obvious that it was intentional. Post Office management did not correct employees or managers who referred to Poweleit in this manner.

17.  Some co-workers who had been friends or collegial at work with Poweleit for years began to shun her. They stopped talking to her and began to accuse her of misconduct.

18. On or about January 21, 2021, a co-worker told Poweleit that she was thinking about suicide. Poweleit tried to talk to the co-worker to make sure she received whatever help she needed.

19.  Supervisor Larry Malone, who had consistently referred to Poweleit using male pronouns and her former name, heard Poweleit and the co-worker talking and told them to stop and get back to work. Malone ignored Poweleit's report that her co-worker had talked about suicide and needed help. Poweleit tried to convince Malone that the co-worker needed help until

Malone pulled Poweleit into an office and threatened her with discipline if Poweleit did not drop the matter.

20. On or about February 17, 2021, Malone threatened Poweleit with discipline over what had happened on January 21 if things did not "calm down." He said he had written a statement about what happened, but he would throw the statement out if Poweleit was not disruptive.

21. The same day, Poweleit contacted an EEO counselor to complain that she was being singled out and threatened with unwarranted discipline because of her gender identity.

22. On April 2, 2021, USPS management had a lock installed on the door to the women's restroom.

23. Poweleit learned about the lock on April 3 when she arrived at work. She called postmaster Jessica Maggard for an explanation and complained that the lock was discriminatory. Maggard told Poweleit that some of her female coworkers did not believe that Poweleit was a woman and Maggard had to "look out for everyone." She also said that a lock would soon be installed on the men's room door.

24. Poweleit also told co-workers that the lock was discriminatory.

25. One co-worker told Poweleit that she needed to stop saying that people were discriminating against her, that people had a right to their beliefs, and that some people were uncomfortable being in the bathroom with Poweleit because she had male genitalia.

26. On April 5, Maggard's first day back at work after the lock was installed, Poweleit complained again to Maggard that the lock was discriminatory and that it was motivated by the fact that she was a transgender woman.

27. When Maggard grew tired of Poweleit's complaints, she cut Poweleit off and announced over the intercom that everyone had to return to their work stations while looking

directly at Poweleit.

28. Poweleit was humiliated and began to feel sick. She told Maggard she needed to go home.

29. In front of coworkers, Maggard told Poweleit she would have to fill out a sick leave request form before she could leave, even though such forms were often completed after an employee returned to work. Poweleit did so and left.

30. On or about April 7, Poweleit complained to Supervisor Bryan Mulholland that she could not use the women's restroom because it was locked. Mulholland told Poweleit to use the men's room. Poweleit was again humiliated.

31. On or about April 9, Poweleit complained to the Occupational Safety and Health Administration ("OSHA") about the locks on the bathroom doors. Upon information and belief, OSHA representatives contacted USPS within a few days and requested that the locks be removed from both restrooms.

32. On April 13, Poweleit met with the EEO counselor, Maggard, and others to attempt to mediate her discrimination complaint. No agreement was reached.

33. The next day, Maggard called Poweleit to inform her that she was suspended and was not permitted to return to the building. Postal Inspectors and police came to Poweleit's home to question her about false allegations that Poweleit had stated on or about April 3 that she would blow up or burn down the post office.

34. Poweleit's young daughter was present when law enforcement came to the door, again humiliating Poweleit.

35. Poweleit told the Postal Inspectors that she had not made any threat.

36. By April 15, Postal Inspectors had determined that Poweleit did not intend any

threat.

37. On or about April 16, while Poweleit remained suspended, USPS removed the locks from the bathroom doors at the Loveland post office.

38. On April 21, Poweleit made an additional EEO complaint based on the suspension and the installation of the bathroom locks.

39. Poweleit filed her formal complaint of discrimination on May 14. Five days later, she received notice of USPS's intent to terminate her employment.

40. Poweleit grieved the termination and was eventually reinstated with limited backpay. She returned to work in August 2021.

## FIRST CAUSE OF ACTION
### (Harassment Based on Sex in Violation of Title VII)

41. Poweleit incorporates by reference each of the preceding paragraphs, as if fully restated herein.

42. Poweleit is a transgender female and is thus a member of a protected class.

43. Poweleit was continuously harassed, including but not limited to the facts described above, by co-workers and managers because of her gender identity to the point that the Loveland post office became a hostile work environment.

44. The harassment made Poweleit feel physically ill, prevented her from using the bathroom at work, destroyed her trust in and communication with direct supervisors and coworkers, and caused a great deal of stress and humiliation on a continuing basis.

45. Poweleit repeatedly complained to USPS managers, to the EEO counselor, and to co-workers about the harassment, but instead of taking steps to remedy the problem, USPS made excuses and blamed Poweleit.

46.  For example, when Poweleit complained that the lock on the women's restroom was discriminatory, Defendant tried to justify the lock as necessary for the comfort or safety of Poweleit's co-workers and refused to remove it until OSHA required the locks to be removed.

47.  As a direct and proximate result of USPS's unlawful discrimination, as described above, Poweleit suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter.  Some or all of Poweleit's damages will continue to accrue indefinitely into the future.

## SECOND CAUSE OF ACTION

### (Discrimination Based on Sex in Violation of Title VII — Suspension and Termination)

48.  Poweleit incorporates by reference each of the preceding paragraphs, as if fully restated herein.

49.  At all relevant times, Poweleit was qualified for the rural carrier position she held at the Loveland post office.

50.  Poweleit is a transgender female and is thus a member of a protected class.

51.  USPS would not have suspended or terminated Poweleit's employment but for her status as a transgender woman.

52.  USPS selectively enforced its policies and specifically did not suspend or terminate similarly situated employees who were not transgender women.

53.  As a direct and proximate result of USPS's unlawful discrimination, as described above, Poweleit suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter.  Some or all of Poweleit's

7

damages will continue to accrue indefinitely into the future.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

54. Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

55. Poweleit engaged in protected activity including on February 17 and April 21, 2021, when she made complaints of discrimination to an EEO counselor, on April 3 and April 5 when she complained that the lock installed on the women's bathroom was discriminatory, and on May 11 when she signed the formal complaint of discrimination.

56. USPS and specifically Postmaster Maggard were aware of Poweleit's protected activity at all relevant times.

57. USPS initiated termination of Poweleit's employment in retaliation for her protected activity.

58. As a direct and proximate result of USPS's unlawful retaliatory conduct, as described above, Poweleit suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter. Some or all of Poweleit's damages will continue to accrue indefinitely into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Declare the actions of Defendant to be in violation of Title VII of the Civil Rights Act;

B. Issue a permanent injunction against the unlawful employment practices committed

8

by Defendant, prohibiting it from violating or abridging Plaintiff's or others' rights;

     C.  Make Plaintiff whole, including back pay, restoration of all benefits lost, including

pension accruals, and other losses in an amount to be proven at trial;

     D.  Award Plaintiff compensatory damages for the injuries proximately caused by

Defendant's conduct, in an amount to be proven at trial;

     E. Award Plaintiff pre-judgment and post-judgment interest on all monetary awards;

     F.  Award Plaintiff the costs of this action, including reasonable attorney fees pursuant to

42 U.S.C. §2000e-5(k); and,

     I.  Award such other and further relief as is necessary and proper.

               Respectfully submitted,

               */s/ David N. Truman*
               David N. Truman (0082347)
               david@employmentlawpartners.com
               Stuart G. Torch (0079667)
               stuart@employmentlawpartners.com
               Employment Law Partners, LLC
               4700 Rockside Road, Suite 530
               Independence, Ohio  44131
               Telephone:  216-382-2500
               Facsimile:  216-381-0250

               *Attorneys for Plaintiff*

## JURY DEMAND

     Plaintiff hereby demands a trial by jury in this case on all claims made herein that may be
so tried.

               s/ David N. Truman
               One of the attorneys for Plaintiff