Case: 1:22-cv-00194-DRC Doc #: 19 Filed: 11/17/22 Page: 1 of 5 PAGEID #: 470

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERIC J. POWELEIT<br>nka Jamie Poweleit,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS DEJOY<br>Postmaster General,<br> United States Postal Service,<br><br>Defendant. | CASE NO. 1:22-cv-194<br><br>JUDGE: DOUGLAS R. COLE<br><br><br>**PLAINTIFF'S BRIEF IN RESPONSE<br>TO ORDER TO SHOW CAUSE** |

Plaintiff Jamie Poweleit hereby responds to the Court's order requiring her to show cause why the Court should not dismiss her complaint without prejudice for failure to obtain a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") before filing suit. [ECF No. 17]. Because Poweleit is a federal employee suing her federal agency employer, the United States Postal Service ("USPS" or the "Agency"),[1] different exhaustion procedures applied to her than apply to private sector employees. Therefore, Poweleit was not required to obtain a right-to-sue letter to exhaust her administrative remedies before filing this case.

I.  **RELEVANT PROCEDURAL HISTORY**

On February 17, 2021, Poweleit first contacted a USPS EEO counselor to complain about discrimination she suffered in the course of her job. [Report of Investigation, ECF No. 18-1 at PageID 101; Poweleit Declaration, attached, ¶ 2]. On May 6, 2021, Poweleit received the Agency's

---

[1] *Diamond v. U.S. Postal Serv.*, 29 Fed. Appx. 207, 210 (6th Cir. 2002) (identifying postal worker as a federal employee subject to requirements of 29 C.F.R. § 1614.105(a)(1)).

notice of her right to file a formal complaint within 15 days. *Id*. Poweleit thereafter timely filed her formal complaint on May 14, 2021. [ECF No. 18-1 at PageID 134; Poweleit Dec. at ¶ 3].

On July 30, 2021, USPS sent notice to Poweleit that it had completed its investigation of her complaint and she had thirty days to elect either of two options: she could request a hearing before an EEOC administrative judge, or she could request a final decision on the merits of her complaint from USPS. [ECF No. 18-1, PageID 94, Poweleit Dec., ¶ 4]. Poweleit timely requested an EEOC hearing on August 26, 2021. [Poweleit Dec., ¶ 5; Order of Dismissal, ECF No. 16-1, PageID 87]. Poweleit then filed this district court action 226 days later on April 8, 2022, when the EEOC had not yet made a determination of her complaint. [*See* ECF No. 16-1, PageID 87].

## II.   LAW AND ANALYSIS

Failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008). While an employee of a private employer generally must obtain a right-to-sue notice from the EEOC in order to exhaust administrative remedies, the exhaustion requirements for federal employees are different and are governed by 42 U.S.C. § 2000e-16 and 29 C.F.R. Part 1614. *See, e.g.*, *Dipetto v. U.S. Postal Serv.*, 383 Fed. Appx. 102, 104 (2d Cir. 2010) ("[A]s a substantive matter, [a federal employee] is not required to exhaust by securing a right-to-sue letter from the EEOC. Generally, a right-to-sue letter is required when a private employee files a Title VII suit in district court."), citing *Belgrave v. Pena,* 254 F.3d 384, 386 (2d Cir. 2001).

To exhaust their remedies, a federal employee must first consult with an EEO counselor within 45 days of the alleged discriminatory conduct. *E.g., Posey v. Mnuchin*, No. 1:18-CV-299, 2021 WL 4621518, at *5 (S.D. Ohio Oct. 7, 2021) (Cole, J.); 29 C.F.R. § 1614.105(a)(1). The employee must then file a formal complaint of discrimination with the agency within 15 days of

receiving notice of her right to do so. 29 C.F.R. § 1614.106(b). Upon the agency's completion of its investigation of the formal complaint, the employee may request a hearing before an EEOC administrative judge. *See* 29 C.F.R. § 1614.108(f); *Guethlein v. Potter*, No. C-1-09-451, 2010 WL 5830445, at *2 (S.D. Ohio Sept. 29, 2010) (Hogan, J.), report and recommendation adopted, No. 1:09-CV-451-HJW, 2011 WL 672046 (S.D. Ohio Feb. 17, 2011) (Weber, J.).

If the EEOC does not issue a final decision within 180 days after the employee's request for a hearing, the employee may file a civil action in district court. 29 C.F.R. § 1614.407(d); *Lockett* at 786 ("within 180 days of filing the initial complaint with the agency or the appeal with the EEOC, the employee can file civil suit in a U.S. District Court."); *Niskey v. Kelly*, 85 F.3d 1, 6 (D.C. Cir. 2017) ("If the [EEOC] fails to act within 180 days of the filing of an appeal, the employee may also bring his case to federal court at that time[.]"); and *Parks v. Geithner*, No. 3:09CV141, 2011 WL 6148701, at *3 n.3 (S.D. Ohio Dec. 9, 2011) (Rice, J.) ("A federal employee is entitled to bring a Title VII suit in federal district court: (1) within 90 days of the receipt of an agency's final determination of his claim; or (2) after 180 days from the date of filing an administrative complaint, if no final action has been taken. 42 U.S.C. § 2000e–16(c)."). *See also*, *Alston v. Johnson*, 208 F. Supp. 3d 293, 299–300 (D.D.C. 2016) (citing multiple decisions authorizing a plaintiff to withdraw from the EEOC and file in federal district court after 180 days); and *Wadhwa v. Sec'y Dep't of Veterans Affs.*, 396 F. App'x 881, 885 n.5 (3d Cir. 2010) (affirming dismissal where "180 days had not yet passed from the date of requesting an EEOC hearing, "as is required to be permitted to initiate a civil action.").

As a federal employee, Poweleit was not required to obtain a right-to-sue letter to exhaust her administrative remedies. *Dipetto* at 104. She contacted an EEO counselor to complain about discrimination that had occurred during the prior 45 days. She filed her formal complaint on May

3

14, 2021, less than 15 days after USPS issued notice of her right to do so. After USPS completed its investigation, it notified Poweleit of her options to request a final agency decision or an EEOC hearing within 30 days. Poweleit requested an EEOC hearing within 30 days on August 26, 2021. Then, on the 226th day after she requested an EEOC hearing, when the EEOC had not made a final decision on her claims, Poweleit filed her complaint in this Court in accordance with 29 C.F.R. § 1614.407(d).

Therefore, Poweleit, as a federal employee, has exhausted her administrative remedies[2] and her complaint must not be dismissed.

Respectfully submitted,

*/s/ David N. Truman*
David N. Truman (0082347)
david@employmentlawpartners.com
Stuart G. Torch (0079667)
stuart@employmentlawpartners.com
EMPLOYMENT LAW PARTNERS, LLC
4700 Rockside Rd.
Suite 530
Independence, Ohio 44131
216.382.2500 (voice)
216.381.0250 (facsimile)

*Counsel for Plaintiff*

---

[2] Defendant has filed a partial motion to dismiss Poweleit's claims for failure to exhaust administrative remedies to the extent the claims rely on the issuance of a notice of removal or retaliation. [ECF No. 14]. Poweleit has filed her opposition to Defendant's motion [ECF No. 15] and the issue is fully briefed.

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2022, a true copy of the Plaintiff's Brief in Response to the Court's Order to Show Cause was served on all counsel of record via CM/ECF.

/s/*David N. Truman*
DAVID N. TRUMAN (#0082347)
